# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| LINDA MCGUIRE, | |
| Petitioner, | No. 16-1101V |
| | Special Master Christian J. Moran |
| v. | Filed: April 29, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * *

Jeffrey A. Golvash, Golvash & Epstein, LLC, Pittsburgh, PA, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Linda McGuire's motion for final attorneys' fees and costs. She is awarded **$30,906.76**.

\* \* \*

On September 12, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on September 4, 2013,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer acute disseminated encephalomyelitis and multiple sclerosis. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On November 25, 2019, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day.

On January 16, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $32,062.00 and attorneys' costs of $447.86 for a total request of $32,509.86. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. (ECF No. 77). On January 28, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her attorney, Mr. Jeffrey Golvash: $300.00 per hour for work performed in 2016 to 2018, and $350.00 per hour for work performed in 2019. These rates are consistent with what the undersigned and other special masters have previously awarded Mr. Golvash for his Vaccine Program work, and they are reasonable for the work performed in the instant case. See, e.g. Sokol v. Sec'y of Health & Human Servs., No. 16-1631V, 2019 WL 4723836 (Fed. Cl. Spec. Mstr. Aug. 28, 2019).

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review, the undersigned finds a small reduction to the hours billed necessary. The main issue is that counsel has routinely overbilled for completion of minor tasks, such as reviewing simple filings from respondent and the Court and for preparation of *pro forma* filings. For example, counsel billed 0.5 hours on 7/22/19 to "Prepare Petitioner's Status Report Re: Settlement. Efile Status Report." Fees App. at 12. This status report contains one sentence of original text. Counsel also routinely billed 0.2 hours or greater for review of scheduling orders and status reports from respondent which is also excessive in the undersigned's experience.

The undersigned also notes that many of counsel's entries are block billed because they combine several tasks into one billing entry for the day, rather than

3

giving each discrete task its own entry. For example, on 5/5/17, counsel billed 3.6 hours to "Review file. Prepare draft of settlement demand. Follow up with client to review and discuss." Fees App. at 6. Although many of these tasks are interrelated such that counsel may flow naturally from one task to the next, entries such as these still make it difficult for the undersigned to assess their reasonableness. This is especially so when some of these billing entries contain time spent filing documents, which is a non-reimbursable clerical task. See Hoskins v. Sec'y of Health & Human Servs., No. 15-71V, 2017 WL 3379270, at *3, 6-7 (Fed. Cl. Spec. Mstr. July 12, 2017).

Accordingly, the undersigned shall reduce the final award of attorneys' fees by five percent to account for these issues, a reduction of $1,603.10. Petitioner is therefore awarded final attorneys' fees of $30,458.90.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $447.86 in attorneys' costs. This amount is comprised of acquiring medical records, postage charges, and a narrative report prepared by Dr. Thomas Scott. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$30,906.76** (representing $30,458.90 in attorneys' fees and $447.86 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Jeffrey Golvash.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master